UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE COTTON,
et al.,
        Plaintiffs,         CIVIL ACTION NO. 06-CV-15208-FL

  VS.                             DISTRICT JUDGE PAUL V. GADOLA

TIMOTHY R. SASSAK,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
                                  /

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS SASSAK, FRIARSON, AND HERRING'S WITNESS LIST AND
DENYING DEFENDANTS' MOTION TO STRIKE DAMAGES
AND FOR COSTS AND SANCTIONS AND
GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
AMENDED MOTION TO COMPEL**

Before the Court are three discovery motions in this action. Plaintiffs filed their Motion to Strike Defendants Sassak, Friarson, and Herring's Witness List on February 19, 2008. (Docket no. 63). Defendants did not file a written response to this motion. Defendants Sassak, Friarson, and Herring filed their Amended Motion to Strike Damages and for Costs and Sanctions on February 20, 2008. (Docket no. 64). Plaintiffs responded to this motion on March 6, 2008. (Docket no. 69). Finally, Plaintiffs filed their Amended Motion to Compel on February 20, 2008. (Docket no. 65). No written response was filed to this motion. The Court heard oral argument on these motions on April 23, 2008. These motions have been referred to the undersigned for decision. (Docket no. 67). The motions are now ready for ruling.

This is a civil rights action against police officers. Plaintiffs allege that Defendants wrongfully obtained and executed a search warrant at the Plaintiffs' home on November 29, 2003 in the City of Ecorse. Plaintiffs allege that no drugs were found and no criminal charges were filed.

**1.      Plaintiffs' Motion to Strike Defendants Sassak, Friarson, and Herring's Witness List**

The Court's scheduling order set a deadline of November 30, 2007 for filing the "parties preliminary list of witnesses, lay and expert." (Docket no. 31 (Order of November 5, 2007)). This Court on January 17, 2008 extended the discovery cut-off date set by that earlier Order (until February 20, 2008) and extended the deadline for filing dispositive motions. (Docket no. 50). However, all other dates remained the same. Therefore, Defendants' witness list was due by November 30, 2007.

Defendants Sassak, Friarson, and Herring filed their witness list on February 1, 2008. (Docket no. 57). It lists 32 lay witnesses and 2 expert witnesses. Plaintiffs allege that 28 of these witnesses were not previously disclosed. (Docket no. 63). Plaintiffs further allege that they were prejudiced by this disclosure which occurred within 19 days of the close of discovery. They argue that they did not have time to submit interrogatories or to schedule depositions prior to the close of discovery. Plaintiffs request that the Court strike the witness list of these Defendants and award costs and fees.

Defendants have not responded to this motion. Therefore, there is no showing why their witness list was filed past the deadline. Even so, there were 19 days left in the discovery period when the witness list was filed. Plaintiffs did not make any effort to notice depositions or to serve interrogatories during this time period. They do not now ask for an extension of discovery to accomplish these tasks. During oral argument the Court inquired of Plaintiffs' counsel how Plaintiffs were prejudiced by the late filing of Defendants' witness list. The only prejudice cited was the "continued delay" in the case which might arise from the taking of additional depositions of these witnesses or similar discovery. However, discovery has now closed and no depositions are

2

pending for these witnesses. The Court finds that Plaintiffs have not shown that they were prejudiced to any significant degree by Defendants' tardy filing of their witness list.

Rule 16(f)(1), Fed. R. Civ. P., allows for the Court to sanction a party for failing to obey a scheduling order. The Court is given broad discretion but must design the sanction to fit the violation. *Santos v. Farmers Ins. Exchange*, 2008 WL 723504 (E.D. Mich. Mar. 17, 2008). The striking of a party's witness list is a severe sanction and may be tantamount to granting a default judgment. (*Id*.).

Plaintiffs have failed to show that the imposition of such a severe sanction is warranted. Their failures to take any action to discover the substance of these witnesses' testimony before the discovery period closed and to ask now for any such relief suggest that Plaintiffs are not significantly prejudiced. The responses during oral argument by Plaintiffs' counsel to the Court's inquiries about possible prejudice confirm this conclusion. Accordingly, Plaintiffs' Motion to Strike Defendants' witness list will be denied.

**2.      Defendants' Amended Motion to Strike Damages and for Costs and Sanctions**

Defendants move to strike the damages allegation from Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 37(c)(1) and to not allow Plaintiffs to testify as to any emotional or psychological injuries and for costs. They base their requests on the conduct of Plaintiffs' counsel during the independent medical examinations (IME) of the Plaintiffs on December 5, 2007. Defendants allege that Plaintiffs' counsel Mullens constantly interrupted and asserted objections during the examinations to the extent that Defendants' expert could not adequately perform his examinations.

Plaintiffs' counsel Mullens submitted an affidavit stating that he attended the IME's from 11:00 a.m. until 1:15 p.m. After that time another person took over for him, and he left. Counsel

Mullens further states that at the beginning of the first IME he and the expert had a disagreement over the proper areas of examination, but that was worked out by noon. Counsel Mullens also states that he did not object or interrupt the examination from that point forward. (Docket no. 69, ex. 4). The assistant who took over for Counsel Mullens also submitted an affidavit stating that she arrived at 1:15 p.m. and remained until the IME's were terminated at 4:00 p.m. (*Id*. ex. 5). She further states that Defendants' counsel did not respond to the Plaintiffs' offer to stay in Michigan and be available the next day for continuation of the examinations.

Defendants have not submitted any support, such as affidavits, for their motion. The only affidavits submitted are from Plaintiffs' representatives. Based on the evidence presented Defendants have failed to show that Plaintiffs' counsel unreasonably interfered with the IME's or was responsible for the IME's not being completed. Therefore, Defendants have failed to show that there is a basis for striking Plaintiffs' damages allegations. This Motion will be denied.

**3.      Plaintiffs' Amended Motion to Compel**

Plaintiffs allege that Defendants Sassak, Friarson, and Herring have failed to respond or object to Plaintiffs' First Interrogatories and Plaintiffs' First Request to Produce Documents served on September 19, 2007. (Docket no. 65, exs. 1-4). Defendants have not responded to this Motion. Therefore, the Court finds that these Defendants failed to respond within the time allowed by Fed. R. Civ. P. 33 and 34. They have therefore waived any objections to these discovery requests. *See* Fed. R. Civ. P. 33(b)(4); *Phillips v. Dallas Carriers Corp.*, 133 F.R.D. 475, 477 (M.D.N.C. 1990) (Rule 34 waiver). Accordingly, these Defendants will be ordered to serve complete responses to these discovery requests without objections on or before May 8, 2008.

Plaintiffs also allege that the City of Ecorse, which is represented by the same counsel as Defendants Sassak, Friarson, and Herring, failed to respond or object to a subpoena for documents served on September 24, 2007. (Docket no. 65, ex. 5). The City of Ecorse did not respond to this portion of Plaintiffs' Motion. The Court finds no adequate excuse on the City's part for its failure to comply with this subpoena. Therefore, the City will be ordered to comply with this subpoena without objection on or before May 8, 2008.

Finally, Plaintiffs' Motion to Compel raises two issues regarding production of documents from Defendant Cadez. Plaintiffs served upon him its First Request to Produce Documents on September 19, 2007. (Docket no. 65, ex. 6). Request number 9 asks for copies of citizen complaints against Defendant Cadez for the past ten years. Plaintiffs also served on the City of Melvindale a subpoena for documents on September 24, 2007 which seeks all disciplinary records for Defendant Cadez. (*Id*. ex. 7). In their Joint Statement of Issues the parties state that the only issues remaining with respect to these discovery requests are whether Defendant Cadez and the City of Melvindale should have to produce records of citizen complaints and disciplinary records for the past ten years as requested or for three years as Defendant Cadez advocates.

The search at issue in this action took place on November 29, 2003. (Docket no. 3 ¶ 16). Any records of disciplinary action or citizen complaints may show a trend or pattern of unlawful conduct by a Defendant. Therefore, the Court finds that records of the type requested for a reasonable period of time before and after the date of the search are relevant to the claims and defenses in this action. Records from January 1, 2000 to the present will be sufficient to show any such pattern, if one exists. Accordingly, Defendant Cadez and the City of Melvindale will be

ordered to produce the requested records from January 1, 2000 to the present, on or before May 8, 2008.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Strike Defendants Sassak, Friarson, and Herring's Witness List (docket no. 63) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Sassak, Friarson, and Herring's Motion to Strike Damages and for Costs and Sanctions (docket no. 64) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Motion to Compel (docket no. 65) is **GRANTED IN PART AND DENIED IN PART** as follows: (1) Defendants Sassak, Friarson, and Herring are ordered to serve complete responses without objections to Plaintiffs' First Interrogatories and Requests to Produce on or before May 8, 2008; (2) the City of Ecorse is ordered to respond without objection to Plaintiffs' subpoena for documents served on September 24, 2007 on or before May 8, 2008; (3) Defendant Cadez and the City of Melvindale are ordered to produce the records of citizen complaints and disciplinary records for Defendant Cadez, in response to the respective Request to Produce and subpoena, from January 1, 2000 to the present, on or before May 8, 2008.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 24, 2008                  s/ Mona K. Majzoub
                                                     MONA K. MAJZOUB
                                                     UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 24, 2008                  s/ Lisa C. Bartlett
                                                     Courtroom Deputy