UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE COTTON, et al.,

                Plaintiffs,

                              CIVIL CASE NO. 06-15208

v.

TIMOTHY R. SASSAK, et al.,            HONORABLE PAUL V. GADOLA
                                                    U.S. DISTRICT COURT
                Defendants.
_____/

## **ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER**

Before the Court is Defendants' timely objection to the Magistrate Judge's April 24, 2008 order denying Defendants' request for striking Plaintiff's damages allegations and for granting costs and sanctions.

A nondispositive order, such as the Magistrate Judge's denying Defendants' request for striking Plaintiff's damages allegations and for granting costs and sanctions, is governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

Here, the Magistrate Judge's order is not dispositive of the claim, and thus, this Court

reviews the order to determine whether any portion of the order objected to by the parties is "clearly erroneous" or "contrary to law." *Id.* "According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

Contrary to the Magistrate Judge's ruling, Defendants argue that Plaintiffs' counsel interfered with the independent medical examination ("IME") and that this interference was so unreasonable that Plaintiffs' damages allegations should be stricken and costs should be imposed on Plaintiffs. Plaintiffs submitted affidavits which indicated, among other things, that Counsel Mullens at first had a disagreement with the expert, but that there were no subsequent interruptions. From the affidavits, the Magistrate Judge concluded that Defendants had failed to show that Plaintiffs' counsel interfered with the IME to such an unreasonable level that Plaintiffs should be penalized. After a review of the Magistrate Judge's order and the relevant portions of the record, the Court finds that this ruling is not clearly erroneous nor contrary to law.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' objection to the Magistrate Judge's order [docket entry #89] is **OVERRULED**.

**SO ORDERED**.

Dated:   May 20, 2008  　　　　　　　　　　　　s/Paul V. Gadola
　　　　　　　　　　　　　　　　　　　　　　　HONORABLE PAUL V. GADOLA
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   May 20, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 James P. Allen; Cynthia Heenan; George D. Lyons; Peter W. Peacock; Randall A. Pentiuk; Michael J. Sharpe; Esly B. Williams, Jr.                     , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                            .

                                                s/Ruth A. Brissaud
                                                Ruth A. Brissaud, Case Manager
                                                (810) 341-7845